IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-HC-2142-FL

| | |
|---|---|
| DANAURI TAVERAS PEREZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| GEORGE KENWORTHY, et al., ) | |
| ) | |
| Respondents. ) | |
| ) | |

This matter comes before the court on the motion for summary judgment (DE # 5) pursuant to Federal Rule of Civil Procedure 56 of respondents George Kenworthy and Alvin W. Keller ("respondents"). The matter is ripe for adjudication. For the following reasons, the court grants respondents' motion.

## STATEMENT OF CASE

On January 3, 2008, in the Wake County Superior Court, petitioner pleaded guilty to three counts of assault with a deadly weapon inflicting serious injury and one count of assault with a deadly weapon with intent to kill inflicting serious injury. (Respts' Mem. Ex. 1.) Petitioner then was sentenced to a term of one hundred twenty-three (123) to one hundred seventy-five (175) months imprisonment. (Id. Ex. 2.)

On July 9, 2008, petitioner filed a *pro se* motion for appropriate relief ("MAR") in the Wake County Superior Court. (Id. Ex. 3.) The superior court denied petitioner's MAR. (Id. Ex. 4.) In the

interim, petitioner filed a second *pro se* MAR in the Wake County Superior Court on September 23, 2008, which was denied on May 5, 2009. (Id. Exs. 5 and 6.)

On June 26, 2009, petitioner filed a *pro se* petition for a writ of certiorari in the North Carolina Court of Appeals. (Id. Ex. 7.) The court of appeals dismissed petitioner's certiorari petition on September 9, 2009. (Id. Ex. 9.)

On November 9, 2009, petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner raised the following claims in his petition: (1) his guilty plea was not knowing and voluntary; (2) his sentences were obtained in violation of due process because the trial judge deviated from the agreed sentence; (3) his counsel provided ineffective assistance; and (4) his counsel failed to advise him of his appellate rights. Petitioner also alleges that the Wake County Superior Court violated his constitutional rights when it denied his MARs.

On February 25, 2010, respondents filed a motion for summary judgment, arguing petitioner's claims should be dismissed because he failed to exhaust his state court remedies. Alternatively, respondents argue that plaintiff's claims are without merit. Although he was notified of respondent's motion for summary judgment, petitioner failed to respond.

DISCUSSION

I. Summary Judgment

A. Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact.

2

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

The standard of review for habeas petitions brought by state inmates, where the claims have been adjudicated on the merits in the state court, is set forth in 28 U.S.C. § 2254(d). That statute states that habeas relief cannot be granted in cases where a state court considered a claim on its merits unless the decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court, or the state court decision was based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d)(1) and (2). A state court decision is "contrary to" Supreme Court precedent if it either arrives at "a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to that of the Supreme Court. Williams v. Taylor, 529 U.S. 362, 405 (2000). A state court decision "involves an unreasonable application" of Supreme Court law "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407. A state court decision also may apply Supreme Court law unreasonably if it extends existing Supreme Court precedent to a new context where it does not apply, or unreasonably refuses to extend existing precedent to a new context where it should apply. Id. The applicable statute

3

> does not require that a state court cite to federal law in order for a federal court to determine whether the state courts decision is an objectively reasonable one, nor does it require a federal habeas court to offer an independent opinion as to whether it believes, based upon its own reading of the controlling Supreme Court precedents, that the [petitioner's] constitutional rights were violated during the state court proceedings.

Bell v. Jarvis, 236 F.3d 149, 160 (4th Cir. 2000), cert. denied, 534 U.S. 830 (2001). Moreover, a determination of a factual issue made by a state court is presumed correct, unless rebutted by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1).

B.  Analysis

Respondent contends that this matter should be dismissed because petitioner failed to exhaust his state court remedies. Absent a valid excuse, a state prisoner must exhaust his remedies in state court before seeking federal habeas corpus relief. See 28 U.S.C. § 2254 (b)(1)(A). To satisfy the exhaustion requirement, a prisoner must fairly present his claims to the state court. A fair presentation to the state court means that the prisoner must give the state court an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition. See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997); see also Williams v. French, 146 F.3d 203, 215 (4th Cir. 1998). This exhaustion requirement compels a habeas petitioner to "invok[e] one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845; see Matthews, 105 F.3d at 911.

Respondents contend that this matter should be dismissed because petitioner failed to properly file a certiorari petition seeking review of the denial of his MARs, as he is authorized to do by Rule 21(e) of the North Carolina Rules of Appellate Procedure. The evidence in the record indicates that petitioner filed a *pro se* certiorari petition in the court of appeals on August 24, 2009.

4

In response, the State argued that petitioner's petition for writ of certiorari should be dismissed because he failed to comply with North Carolina Rule of Appellate Procedure 21(c)'s requirement that he attach the necessary documents in order for the court of appeals to review his action. Alternatively, the State argued that petitioner's claims should be denied on the merits. The court of appeals then dismissed petitioner's petition. Thus, the court of appeals has not obtained certiorari review of the claims he presents in this action, and the state court has not been afforded a full and fair opportunity to rule on and correct the alleged constitutional errors. See Benitez v. Keller, No. 3:09cv30-3-MJ, 2009 WL 903622, *1 (W.D.N.C. Apr. 1, 2009); Cf. Moore v. Hardy, No. 5:06hc2193-D (E.D.N.C. July 31, 2007), aff'd, 2007 WL 4467660 (4th Cir. Dec. 20, 2007).

II.   Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

For the foregoing reasons, respondents' motion for summary judgment (DE # 5) is GRANTED and petitioner's claim is dismissed without prejudice for failure to exhaust his state court remedies. The Certificate of Appealability is DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 20th day of September, 2010.

_____
LOUISE W. FLANAGAN
Chief United States District Judge